UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**
APR 01 2008
CLERK

| | | |
|---|---|---|
| JOHN D. SMITH, | ) | CIV. 07-5051-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff applied for social security disability insurance benefits. The Administrative Law Judge (ALJ) denied plaintiff's claim. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149

F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the

reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## BACKGROUND AND DISCUSSION

Plaintiff is a fifty-four year old male born on September 24, 1953. On July 7, 2005, plaintiff filed for social security benefits, alleging disability commencing on August 9, 2004. Administrative Record (AR) 17. According to plaintiff's application for benefits, his disability was due to hepatitis C, fibromyalgia, chronic pain, swelling of the feet and legs, hypertension, anxiety, depression, and myofascial syndrome. AR 176, 197. Plaintiff's claim was denied at all stages, and he appealed to the ALJ.

The ALJ hearing was held on November 15, 2006. Plaintiff was represented by counsel. AR 17. Plaintiff testified at the hearing, as did a vocational expert. Id. On December 15, 2006, the ALJ issued a decision denying plaintiff's application for benefits. AR 34. The denial was based on a rejection of plaintiff's credibility with respect to alleged subjective symptoms of his disability, along with a rejection of plaintiff's treating physician's medical opinion. AR 20-34. Ultimately, the ALJ determined that plaintiff retained the residual functional capacity sufficient to allow "a successful adjustment to other work that exists in significant numbers in the national economy."

AR 34. Consequently, plaintiff was not disabled and therefore ineligible for social security benefits.

Plaintiff appeals, contending 1) that the ALJ erred by rejecting the medical opinion of plaintiff's treating psychologist, Dr. Curt Hill (Dr. Hill), and 2) that the ALJ's credibility determination was erroneous.

A.  Dr. Hill

Plaintiff's claim of disability is based primarily on Dr. Hill's opinion that plaintiff suffered from a number of mental ailments that left him with marked or extreme limitations in his ability to work. AR 390-92. The ALJ gave Dr. Hill's opinion "very little weight" because of inconsistencies between Dr. Hill's opinion and his own treatment notes, as well as inconsistencies between his opinion and the record as a whole. AR 30-32. It is true that, under agency regulations, a treating physician's opinion is to be given substantial weight. 20 C.F.R. § 404.1527(d)(2). However, such an opinion deserves *controlling* weight only of it is "not inconsistent with the other substantial evidence in [the] case record." Id. As the Eighth Circuit noted in House v. Astrue, 500 F.3d 741, 744 (8th Cir. 2007), while a treating physician's opinion is "entitled to special weight, it does not automatically control, particularly if the treating physician evidence is itself inconsistent."

"When an ALJ discounts a treating physician's opinion, he should give 'good reasons' for doing so." Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007) (citations

4

omitted). In the present case, the ALJ's decision is replete with examples of inconsistency between Dr. Hill's opinion and the evidence as a whole. AR 30-33. In fact, the ALJ devotes three full pages of the decision to an explanation of his decision to discount Dr. Hill's opinion. Id. That explanation provides numerous examples of inconsistency, including inconsistency between Dr. Hill's opinion and his course of treatment with plaintiff. It is particularly noteworthy that Dr. Hill apparently was not aware of plaintiff's drug abuse, which will be discussed below. AR 359-60, 419. For these reasons, the Court finds that there is substantial evidence in the record supporting the ALJ's decision to give Dr. Hill's opinion very little weight.

**B.   Plaintiff's Credibility**

The ALJ's credibility determinations are given deference "so long as such determinations are supported by good reasons and substantial evidence." Vester v. Barnhart, 416 F.3d 886, 889 (8th Cir. 2005). "This court will not substitute its own opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence." Travis v. Astrue, 477 F.3d 1037, 1040 (8th Cir. 2007) (citations omitted).

The ALJ provided good reasons for his credibility finding, and those reasons are supported by the record and are consistent with controlling law. Of primary importance is the fact that plaintiff's behavior appears to be motivated by an addiction to narcotics rather than a genuine disability. See Anderson v. Shalala, 51 F.3d 777, 780

5

(8th Cir. 1995) (drug-seeking behavior discredits an allegation of disabling pain). As early as August 16, 2004, medical notes revealed that plaintiff "is dependent on Percocet." AR 262. By July 20, 2005, at least one of plaintiff's doctors, Dr. Beasley, observed that plaintiff "has had what appears to be an addiction to narcotics." AR 292. Dr. Beasley's medical note further states that plaintiff "has actually threatened me, but I have told him at this point that I will not give him any more Percocet . . . and that he needs to at this point start to wean himself off the Percocet. I do feel that he is addicted to it . . . ." Id. Dr. Beasley reduced plaintiff's dosage of Percocet. Id. Plaintiff responded by switching doctors.

On July 28, 2005, plaintiff met with Dr. Weiland to "establish [a] relationship with a new physician." AR 303. After plaintiff complained of a variety of ailments, Dr. Weiland renewed plaintiff's Percocet prescription. AR 305. In early 2006, plaintiff visited Dr. Baily at the Regional Pain Management Center, complaining of chronic pain. AR 344. Dr. Baily prescribed more pain medications. Id. But in March of 2006, Dr. Frost, also of the Regional Pain Management Center, told plaintiff that the clinic would no longer treat his pain complaints with narcotic medication. AR 344-35. Dr. Frost explained that plaintiff "has lied to staff about lorazepam and has gotten Duragesic patches from his wife in violation of the contract and finally, I do not believe his chronic pain syndrom warrants chronic opiates." AR 334. Dr. Frost informed plaintiff that the

best course of treatment was the chronic pain program, but plaintiff claimed he could not afford the co-pay. Id. Dr. Frost stated that "we work with patients the best we can as does the hospital to get them through the pain program with minimal monthly payments." Id. Dr. Frost's medical note indicates that he "offered this to the patient [three] different ways, and the patient still does not wish to go down this avenue, stating simply 'what can you give me for pain medication.'" Id. Refusal to seek medical treatment or refusal of a course of treatment suggested by a physician negatively affects plaintiff's credibility. See Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006) (failure to diligently seek medical care is evidence of lack of credibility); Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) ("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.").

On August 3, 2006, plaintiff returned to Dr. Weiland seeking a medication update and refill. AR 401. Dr. Weiland's medical note from that appointment provides the following:

> Apparently Dr. Frost told him that he was faking; he did not want to go back to Dr. Frost. . . . He is totally dependent on us for his narcotics and I do not feel comfortable giving him chronic pain medications. I see an escalation rather than an improvement. I do not feel comfortable caring for this gentleman's chronic pain. . . . [H]is chronic pain is out of my control and I do want him to seek professional help.

Id.

Plaintiff's drug-seeking behavior is but one of the reasons proffered by the ALJ to

support his credibility determination. The ALJ's decision details numerous other examples supporting the finding that plaintiff was not credible. The examples cited by the ALJ constitute good reasons for his credibility determination, which is supported by substantial evidence and will be affirmed.

## CONCLUSION

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed and the decision of the ALJ is affirmed.

Dated this 1st day of ~~March~~ *April*, 2008.

BY THE COURT:

*/s/ Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE